**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION -- LONDON**

VICTOR PENA,                                    CIVIL ACTION NO. 6:15-CV-128-KKC

　　Petitioner,

v.                                              MEMORANDUM OPINION
                                                AND ORDER

J. C. HOLLAND, *Warden*, [1]

　　Respondent.

　　　　Victor Pena is an inmate confined by the Bureau of Prisons ("BOP") in the United States Penitentiary-McCreary, located in Pine Knot, Kentucky.  Pena has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], in which he challenges certain aspects of his Texas federal sentence, and his participation in the BOP's Inmate Financial Responsibility Program ("IFRP"). [2]  Pena also filed a motion to proceed *in forma pauperis* and his inmate account statement.  [R. 2; R. 3]  On July 24, 2015, the Court entered a Deficiency Order denying Pena *in forma pauperis* status, finding that because Pena earned wages through his prison job and had adequate funds in his inmate account, he could afford to pay the meager $5.00 filing fee. [R. 4] Pena has filed a motion seeking reconsideration of the Order denying him pauper status. [R. 5]

---

[1] Pena has identified the Respondent, Richard B. Ives, as the Warden of USP-McCreary.  The Court takes judicial notice of the fact that Ives is no longer the Warden of USP-McCreary, and that J. C. Holland is now the Warden of that facility.  Therefore, the Clerk of the Court will be instructed to terminate Richard B. Ives as the Respondent to this action, and to substitute current Warden J. C. Holland as the Respondent to this action.

[2]  The IFRP is "a work program instituted by the BOP to encourage each sentenced inmate to meet his or her legitimate financial obligations." *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001) (internal quotation marks omitted); *see* 28 C.F.R. §§ 545.10-545.11.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Pena is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Pena's factual allegations as true and liberally construes his legal claims in his favor.

The Court has reviewed Pena's habeas petition, but concludes that it cannot grant the relief which Pena seeks, which appears to be an order (1) relieving him from his restitution obligations contained in his Texas criminal sentence, and (2) prohibiting the BOP from subjecting him to any adverse consequence because of his refusal to participate in the IFRP. The Court will therefore deny Pena's § 2241 petition, assess the $5.00 filing fee, and dismiss this proceeding.

## BACKGROUND

On March 3, 1999, a federal jury in Texas convicted Pena of racketeering and racketeering conspiracy in violation of 18 U.S.C. § 1962(c) and (d). On July 8, 1999, Pena was sentenced to life imprisonment and was ordered to make restitution of $16,697.21. The United States Court of Appeals for the Fifth Circuit affirmed Pena's conviction and sentence on direct appeal. In March 2004, Pena filed a motion with the trial court to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied that motion on April 25, 2005, and denied Pena's motion for a certificate of appealability on June 8, 2005. *United States v. Pena*, No. 5: 98-CR-265-FB-12 (W.D. Tex. 1998). On August 7, 2007, Pena filed a motion pursuant to Fed. R. Civ.

P. 60(b) for relief from the denial of his § 2255 motion.  The trial court denied also that motion, and again declined to issue a certificate of appealability.  *Id*.

In December 2011, Pena filed his first §2241 petition in this Court.  *Victor Pena v. Richard Ives*, No. 6:11-CV-349-KSF (E. D. Ky. 2011) ("the 2011 Habeas Petition").  Pena claimed that he was entitled to habeas relief on the following grounds: (1) the district court accepted a presentence report and sentencing recommendation that contained false information about his criminal history; (2) he was denied his Sixth Amendment right to confront witnesses; (3) the fine and/or restitution order was unconstitutional; (4) his conviction was defective for lack of subject matter jurisdiction; and (5) he was actually innocent of the offenses of which he was convicted.

On September 18, 2012, the Court denied the 2011 Habeas Petition, concluding that Pena's claims challenging his conviction and sentence were the type that had to be brought in the Texas sentencing court under 28 U.S.C. § 2255; that Pena had not established that his § 2255 remedy was inadequate or ineffective to challenge either his conviction or his sentence; and that Pena had not demonstrated a valid claim of actual innocence under established Sixth Circuit law. [*Id*., R. 17, therein]  Pena appealed, but the Sixth Circuit affirmed the denial of the 2011 Habeas Petition.  [*Id*., R. 27, therein; see *Victor Pena v. Richard Ives*, No. 12-6264 (6th Cir. Sept. 23, 2013)]

In December 2012, Pena filed a second § 2241 petition in this Court.  *Victor Pena v. Warden Richard B. Ives*, No. 6:12-CV-243-DCR (E. D. Ky. 2012) ("the 2012 Habeas Petition") In it, Pena alleged that the federal Probation Office in Texas submitted a pre-sentence investigation report containing false information about his criminal history; that the trial court improperly accepted the recommendations in the report and incorrectly enhanced his sentence

under the federal sentencing guidelines; that at trial, he was denied his Sixth Amendment right to confront witnesses; that the fine and/or restitution amounts he was ordered to pay as part of his criminal judgment were unconstitutional; that his conviction was defective for lack of subject matter jurisdiction; that he was actually innocent of the offenses of which he was convicted; and that the BOP had taken improper action in relation to the IFRP. On that issue, Pena argued that the BOP had insufficient documentation to conclude that he was eligible to participate in the IFRP; that the BOP had erred by placing him in "IFRP refusal" status; and that he was adversely affected because of that "IFRP refusal" status, and he sought an injunction vacating the BOP's decision.

On May 15, 2013, the Court entered a Memorandum Opinion and Order denying the 2012 Habeas Petition, concluding that Pena could not re-litigate the same sentencing challenges which he had previously and unsuccessfully asserted in the 2011 Habeas Petition. [*Id.*, R. 10, pp. 3-5 therein] The Court also further determined that because Pena did not exhaust his administrative remedies as to his IFRP challenges, relief under § 2241 was barred. [*Id.*]

On appeal, Pena reasserted his claim pertaining to his "IFRP refusal" status, arguing that he could assert such a challenge in a § 2241 petition. The Sixth Circuit disagreed and affirmed the denial of the 2012 Habeas Petition, explaining that Pena could assert his IFRP classification challenges **only** in a civil rights action brought under 28 U.S.C. § 1331, **not** in a § 2241 habeas petition. The Sixth Circuit stated:

> Our review reflects that the district court properly dismissed Pena's petition. Habeas relief under § 2241 is reserved for claims challenging the execution of a sentence. *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Pena's claim is not a proper § 2241 claim. It does not challenge the manner in which his sentence is being executed. Execution means putting into effect or carrying out the judgment, and Pena's judgment says nothing about the IFRP or any kind of restitution payment plan. To the contrary, it says that "[r]estitution shall be paid immediately through the Clerk . . . for transfer to the payee(s)."

4

>   Thus, the BOP's act of putting Pena on "IFRP refusal" status is not an act that puts into effect or carries out any part of the judgment.
>
>   To state a § 2241 claim, Pena would have to allege that the BOP's conduct is somehow inconsistent with the judgment, *see Cardona v. Bledsoe*, 681 F.3d 533, 536-37 (3d Cir. 2012), and he has not done that. Rather, Pena's claim is one challenging the conditions of his confinement that should be brought under the doctrine announced in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not § 2241.

[*Id.*, R. 20, pp. 2-3, therein; *see Victor Pena v. Richard B. Ives*, No. 13-5742 (6th Cir. Dec. 30, 2013].

Undeterred by the Sixth Circuit's ruling, Pena promptly filed two separate motions in the 2012 Habeas Petition asking the Court to change the result and permit him to challenge his IFRP refusal status, essentially arguing that the Sixth Circuit had reached the wrong result. *See id.*, R. 23, therein; R. 26, therein. The Court denied both motions, explaining that the Sixth Circuit had finally and conclusively resolved the issues asserted in the 2012 Habeas Petition, and that Pena was not entitled to any type of post-judgment or collateral relief. *See id.*, R. 24, therein; R. 27.

Pena filed his current (and third) § 2241 petition in this Court on July 20, 2015. In it, he again challenges his Texas federal criminal sentence, specifically the restitution obligations. Pena also continues to argue that the BOP has improperly placed him in IFRP refusal status, and that he should be allowed to assert the same IFRP challenges in a § 2241 proceeding. Pena appears to be seeking essentially the same relief which he requested in both the 2011 Habeas Petition, *i.e.*, an order altering the provisions of his Texas federal sentence (vis-à-vis his restitution obligations), **and** in the 2012 Habeas Petition, *i.e.*, an order either vacating the BOP's decisions as to his IFRP status, or prohibiting the BOP from subjecting him to any adverse consequence based on his refusal to participate in the IFRP.

**DISCUSSION**

As explained in this Court's September 18, 2012, Order denying the 2011 Habeas Petition, and the Sixth Circuit's subsequent order affirming that decision, Pena cannot pursue his claims challenging various aspects of his criminal sentence in a § 2241 petition, because Pena has not demonstrated that his remedy under 28 U.S.C. § 2255 (in the Texas sentencing court) was inadequate or ineffective to challenge either his conviction or his sentence, and because Pena has not demonstrated a legitimate claim of actual innocence under established Sixth Circuit law.  In his current and third § 2241 petition, Pena alleges no facts which would change the result reached in the denial of the 2011 Habeas Petition.  Throughout his § 2241 petition, Pena mentions the Supreme Court's GVR order in *Persaud v. United States*, 134 S.Ct. 1023 (2014), apparently relying on that case, but he fails to explain how *Persaud* applies to him or assists his claims.  Nevertheless, the Court will address the ruling and explain that it does not support his claims.

The defendant in *Persaud* sought to challenge a sentencing enhancement in a § 2241 petition and the savings clause of § 2255.  The government argued against the position, but on appeal, the Solicitor General changed course and took the view that a petitioner can challenge a sentencing enhancement through the savings clause, then asked the Supreme Court to remand the case to the Fourth Circuit for reconsideration in light of the United States' new position.  *See* Brief of Appellee at *22–23, *Persaud*, 134 S.Ct. at 1023.  The Supreme Court acquiesced and issued a GVR order.  *Persaud*, 134 S.Ct. at 1023.

However, the Supreme Court's GVR order was not a reversal on the merits, nor was it a suggestion that the Fourth Circuit was wrong.  *See Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006).  Rather, the GVR order was "a device that

allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it." *Gonzalez v. Justices of the Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005).

This Court has previously concluded that the GVR order in *Persaud* gives the Fourth Circuit an opportunity to reconsider its own decision, but that it does not give other district courts, including this one, free license to ignore binding circuit precedent. *See*, *e.g.*, *Boyd v. Quintana*, No. 15-CV-4-DCR, 2015 WL 3503271, at *3 (E. D. Ky. June 3, 2015) (denying a § 2241 petition in which the federal prisoner challenged only his enhanced sentence, and rejecting as unpersuasive his reliance on *Persaud*); *Wells v. Synder-Morris*, No. 15-CV-17-HRW, 2015 2356692, at *8 (E. D. Ky. May 15, 2015) (same); *Alexander v. Sepanek*, No. 14-160-ART (E.D. Ky. Apr. 15, 2015) [R. 12, therein] (same). At least one other district court in this circuit has also recently concluded that *Persaud* does not support a sentence challenge under § 2241, explaining that because *Persaud* applies to a limited set of facts in a case decided in another circuit, it carries no precedential effect in this circuit. *See King v. Terris*, No. 2:14-CV-14267, 2015 WL 3888163, at *6 (E. D. Mich. June 24, 2015).   Based on this authority, the Court determines that *Persaud* does not support Pena's § 2241 petition, and that binding Sixth Circuit precedent, such as *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999), bars relief under § 2241, to the extent that Pena continues to challenge any aspect of his Texas federal sentence, including the imposition of a restitution obligation.

Thus, Pena again fails to demonstrate that his prior remedy in the district court under § 2255 was inadequate or ineffective to challenge his federal detention. He also fails to allege a viable claim of actual innocence because he does not point to a retroactively applicable Supreme Court decision which affords him relief from his sentence.

Further, to the extent that Pena continues to argue that the BOP has improperly placed him in IFRP refusal status, and that he should be allowed to assert the same IFRP challenges in a § 2241 proceeding, Pena also appears to be collaterally challenging the results reached by this Court on May 15, 2013, and by the Sixth Circuit on December 30, 2013, when it affirmed the denial of the 2012 Habeas Petition.   Pena cannot escape the conclusive and binding result reached in the denial of the 2012 Habeas Petition by filing yet another § 2241 petition asserting essentially the same claims.   In summary, if Pena wishes to challenge the BOP's decisions pertaining to his refusal to participate in the IFRP, and any adverse consequences that flow from the BOP's alleged actions, he must do so by filing a *Bivens* civil rights action under 28 U.S.C. § 1331, which carries a $350.00 filing fee, assuming that Pena would qualify for *in forma pauperis* status in such a proceeding.   Pena cannot accomplish that goal by filing another § 2241 habeas petition.

Finally, Pena has filed a motion [R. 5] seeking reconsideration of the July 24, 2015, Order denying him pauper status.   The Court finds no reason to alter to amend that order, because as Pena's "Inmate Statement" reflects, a total of $101.50 was deposited into Pena's inmate account during the six-month period before Pena filed this proceeding, and Pena maintained an average daily balance of $20.55 during that time.   [R. 3, p. 6, *see* "Other Balances" entries]  As noted in the July 24, 2015, Order, Pena's living basic living expenses are paid by federal taxpayers, and the filing fee for this action is a mere $5.00.  Pena's motion for reconsideration will therefore be denied, and he will be assessed with the $5.00 filing fee according to the terms set forth below.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1.      The Clerk of the Court shall **TERMINATE** Richard B. Ives as the Respondent to this action, and shall **SUBSTITUTE** J. C. Holland, the current Warden of USP-McCreary, as the Respondent to this action.

2.      The 28 U.S.C. § 2241 petition for a writ of habeas corpus filed by Petitioner Victor Pena [R. 1] is **DENIED**.

3.      Pena's motion for reconsideration [R. 5] of the Order entered on July 24, 2015 [R. 4] is **DENIED**.

4.      The Clerk of the Court shall open an account in Pena's name for receipt of the $5.00 filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Harris's name, (b) his inmate registration number, and (c) this case number. The Clerk shall send a copy of this Order and the Notice of Payment Form to the warden of the institution in which Pena is currently confined.

5.      Pena's custodian shall send the Clerk of the Court a payment in the amount of $5.00 out of Pena's inmate trust fund account, but only if the total amount in his inmate account exceeds $10.00.

6.      The Court will enter an appropriate Judgment.

7.      This 28 U.S.C. § 2241 habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This August 3, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY